IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD VIDAL, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.: 5:20-cv-1013 |
| | § | |
| BEXAR COUNTY, TEXAS AND BEXAR | § | |
| COUNTY CONSTABLE'S DEPARTMENT | § | |
| PRECINCT 4 | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action under 42 U.S.C. §§1981 and 1983, and the Fourteenth Amendment of the United States Constitution to correct violations of civil rights law and to provide appropriate relief to RICHARD VIDAL who was adversely affected by such practices. Plaintiff RICHARD VIDAL was subjected to defamation and slander that tended to impugn his professional reputation in violation of federal law.

This action is brought against Defendants Bexar County and Bexar County Constable's Department 4 to redress such unlawful conduct. Specifically, Plaintiff alleges that Defendants made false allegations made against him in October and December 2018 of altering a government document, which were eventually found to be unsubstantiated, and other defamatory statements which caused Plaintiff to resign and caused harm to his reputation in the law enforcement community thus harming Plaintiff financially.

## JURISDICTION AND VENUE

1. This is a civil rights action for monetary damages and attorneys's fees. It is brought to redress the deprivation under color of State law of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States and

the State of Texas. This action arises under the Fourteenth Amendment to the Constitution of the United States and under 42 U.S.C. §1983, with jurisdiction authorized and conferred on the Court by 28 U.S.C. §§1331 and 1343.

2. Jurisdiction is proper in this venue pursuant to Rule 57 of the Federal rules of Civil Procedure and because the acts complained of occurred in this District.

## PARTIES

### PLAINTIFF

3. Plaintiff, RICHARD VIDAL is a former deputy constable of the BEXAR COUNTY CONSTABLE'S DEPARTMENT PRECINCT 4, and is currently a resident of San Antonio, Texas.

### DEFENDANTS

4. Defendant BEXAR COUNTY, TEXAS (hereinafter "Defendant County"), is a political subdivision of the State of Texas and can be served with citation upon Commissioners' Court, 300 Dolorosa, San Antonio, Texas, 78205.

5. Defendant, BEXAR COUNTY CONSTABLE'S DEPARTMENT PRECINCT 4, is a political subdivision of the State of Texas and can be served with citation upon Bexar County Constable's Department 4 at 2711 SE Loop 410, San Antonio, Texas 78222.

## FACTUAL BACKGROUND

6. Plaintiff had been a 15-year employee of Bexar County prior to his resignation on November 2, 2018. On September 5, 2018, Plaintiff served a citation on a resident, but inadvertently put the wrong date of September 6, 2018, on the return of service document. Plaintiff used white-out to correct his error, and changed the date on the

return of service to reflect the actual date of service of process. This was not a violation of Texas Penal Code Section 39.03, Alteration of a Government Document.

7.  On or about October 12, 2018, Defendant Precinct Four placed Plaintiff on administrative leave pending an investigation into the allegations of altering a government document. The allegations and evidence were forwarded to the District Attorney's Office for review. Assistant DA Susan Bowen reviewed the allegations and the evidence and determined that there was no chargeable violation. The charge of altering a government document brought against Plaintiff was found to be unsubstantiated.

However, instead of reinstating Plaintiff back to regular duty, Defendant Precinct Four trumped up another allegation against him of a GPS violation. This allegation was based on GPS records that allegedly showed that Plaintiff was not in the vicinity of the address he served the citation on September 5, 2018. On or about October 19, 2018, Constable Ramos informed Plaintiff that if he [Plaintiff] resigned the investigation would be stopped. Plaintiff believed Defendant Precinct Four was on a witch hunt to try to find something and through fear and intimidation Plaintiff put in his resignation.

8.  In contrast, Defendant Precinct Four continued the investigation even though Plaintiff had resigned. Furthermore, on December 2, 2018, an anonymous employee from Defendant Precinct Four called Dillon Collier, a reporter from KSAT-12 television, and Mario Leal of KENS-5 TV, to inform them of a deputy constable "gone wrong" who had to resign under pressure because he was facing an indictment based on a criminal charge of alteration of a government document. The deputy constable was identified as Plaintiff Richard Vidal. This began a flurry of activity that resulted in Leal requesting

Plaintiff's 201 personnel file and making an Open Records Act request for any documents showing Plaintiff alleged transgressions. However, no such documents existed because the allegations of such violations were untrue. Collier took it a step further by actually publishing a story about Plaintiff in January 2019, that was not substantiated by any evidence.

9. These false allegations brought against Plaintiff that resulted in his resignation affected his reputation in the community law enforcement officers, and the false allegations leaked to the reporters by persons within the employ of Defendants Bexar County and Constable Precinct Four have further ruined Plaintiff's reputation in the small community of law enforcement officers and have caused damage to him personally and professionally.

10. Plaintiff complains that there were false allegations made against him in October and December 2018 of altering a government document, which were eventually found to be unsubstantiated. However, Plaintiff resigned because he was afraid and intimidated by the possibility of continued false allegations being brought against him by Defendant. After his resignation, Plaintiff was given an "Honorably Discharged" F5 with Texas Commission On Law Enforecment (TCOLE). Had there been issues with his service or separation, Plaintiff's F5 would have been annotated with either "General Discharge" or "Dishonorably Discharged." However, Plaintiff's Honorably Discharged status is an indication of a clean record upon his separation from Defendant.

11. On July 25, 2019, Plaintiff received a letter from the Bexar County Sherriff's Office detailing why his application for employment was denied. The letter stated he was denied employment because of concerns of a history of disciplinary actions and

insubordination to high ranking supervisors. There is no such record of either disciplinary actions or insubordination in Plaintiff's 201 file with Defendant. Therefore, someone within Defendant's organization is spreading unfounded rumors and providing unfounded allegations to potential employers. This is slander and defamation and a violation of Plaintiff's liberty interest in his reputation within the close community of first responders and law enforcement officers, which constitutes personal injury. Representatives of Defendant intentionally communicated false information about Plaintiff's alleged violations of County policy, and intentionally failed to limit communications and publication of the false information.

## STATUTORY VIOLATIONS

12. The actions of the Defendants constitute violations of the Civil Rights Act of 1871, respectively codified as 42. U.S.C. §§1983. Plaintiff complains that employees of Bexar County and Bexar County Constable Department Precinct 4 slandered him and caused irreparable harm to his professional reputation and reputation within the community of "first responders" which constitutes personal injury. Representatives of Defendants intentionally communicated false information about Plaintiff's alleged violations of County policy and intentionally failed to limit communication and publication of the false information.

13. The Fifth Circuit has held that a plaintiff has a liberty interest in his professional reputation and that a violation of a constitutional right constitutes the deprivation of liberty interests. *See* **Marrero v. City of Hialeah**, 625 F.2d 499, 519 (5th Cir.). The Fifth Circuit has further held that in order for a plaintiff to be entitled to Fourteenth Amendment protection for a liberty interest in his reputation he must meet the "stigma-

plus" test. *See Dennis v. S&S Consolidated Rural High School District*, 577 F.2d 338, 341 (5th Cir. 1978)(where the court construed *Paul v. Davis*, 424 U.S. 694 (1976) as establishing the stigma-plus test). The stigma-plus test requires that an individual, in order to establish a liberty interest sufficient to implicate 14th Amendment safeguards, must not only be stigmatized, but stigmatized in connection with a denial of a right or status previously recognized under state law. *Id.* In *Dennis*, the court held that the defamation in the course of declining to rehire a non-tenured employee would satisfy the stigma-plus test. *Id.* Additionally, the court held that the combination of stigma plus the failure to rehire/discharge states a claim even if the failure to rehire or discharge of itself deprives the plaintiff of no property interest within the meaning of the 14th Amendment. *Id.* at 342.

Plaintiff RICHARD VIDAL has been subjected to such scurrilous and defamatory false information that his professional reputation has suffered and will continue to suffer until Defendants' intentional and malicious conduct is stopped.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A. Order the Defendants, BEXAR COUNTY, TEXAS AND BEXAR COUNTY CONSTABLE'S DEPARTMENT PRECINCT 4 to make whole RICHARD VIDAL, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful civil rights practices, including but not limited to the defamation of RICHARD VIDAL;

      B.      Order Defendants, BEXAR COUNTY, TEXAS AND BEXAR COUNTY CONSTABLE'S DEPARTMENT PRECINCT 4 to make whole RICHARD VIDAL by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and an equal sum in liquidated damages.

      C.      Expunge any negative documents in RICHARD VIDAL'S Bexar County personnel file, including, but not limited to performance reviews, counseling statements, disciplinary actions, and any other memoranda deemed negative by Plaintiff;

      D.      Injunctive relief against Defendants to stop the continued spread of false information about Plaintiff RICHARD VIDAL;

      E.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      D.      Award Plaintiff his attorneys' fees and costs in this action.

## JURY DEMAND

Plaintiff, RICHARD VIDAL, asserts his rights under 42 U.S.C. §1983 and makes a demand for jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendants for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, exemplary damages, and pre-judgment and post-judgment interest at the highest legal rate. Plaintiff further prays for any and all further relief to which he shows himself to be justly entitled, either at law or in equity.

Respectfully submitted,

PITTARD LAW FIRM
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@pittardlegal.com

By: /s/ R. Chris Pittard
R. CHRIS PITTARD
State Bar No. 00794465

ATTORNEYS FOR PLAINTIFF