UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RICHARD VIDAL,

    *Plaintiff*,

v.                                                                    Case No.  SA-20-CV-01013-JKP

BEXAR COUNTY, TEXAS, BEXAR
COUNTY CONSTABLE'S
DEPARTMENT PRECINCT 4,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Richard Vidal's Motion to Reopen. ECF No. 22. Defendants
Bexar County and Bexar County Constable's Department, Precinct 4, responded. ECF No. 24.
Vidal did not reply to the response and the time for doing so has passed. The motion, therefore,
is ripe for ruling. After reviewing the parties' briefings and the applicable law, the Court
**DENIES** Vidal's Motion to Reopen.

## BACKGROUND

Vidal initiated this lawsuit on August 28, 2020, alleging the Bexar County Defendants,
between October and December of 2018, made false statements about him that harmed his
reputation within the community of first responders. ECF No. 1. On October 15, 2020, U.S.
Magistrate Judge Elizabeth S. Chestney, to whom this matter was referred for pretrial matters,
issued a show case order, noting Vidal had failed request that the Court summon the defendants
and asking why the case should not be dismissed for want of prosecution. ECF No. 3. On
October 23, 2020, Vidal's attorney responded to Judge Chestney's order, indicating the

defendants had since been summoned at his request. ECF No. 7. That was the last time Vidal's attorney appeared in the case. On November 16, 2020, the Bexar County Defendants filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Vidal never responded to the motion.

On March 3, 2021, Judge Chestney set a telephonic initial pretrial conference for March 19, 2021. ECF No. 10. In advance of the telephonic conference, Judge Chestney ordered the parties to submit a joint discovery and case management plan, in addition to a proposed scheduling order, by March 17, 2021. *Id.* On March 17, 2021, Defense counsel submitted a discovery and case management plan and a proposed scheduling order on behalf of the defendants only, noting that after three attempts to reach Vidal's counsel to confer, Vidal's counsel could not be reached. ECF Nos. 11, 12. On March 19, 2021, Vidal's counsel failed to appear at the telephonic pretrial conference. ECF No. 15. Judge Chestney then ordered Vidal to show cause, on or before March 29, 2021, why the case should not be dismissed for want of prosecution. *Id.* Judge Chestney noted that the Defendants' motion to dismiss had been pending for four months with no response filed, and Vidal had taken no action in the case since responding to Judge Chestney's last show cause order. *Id.* Vidal did not respond to the second show cause order. ECF No. 16.

This Court then set an in-person show cause hearing for April 7, 2021, directing Vidal's counsel to appear and show cause why the lawsuit should not be dismissed for want of prosecution and failure to comply with court orders. *Id.* When Vidal's counsel did not appear, the Court referred him to the District Disciplinary Committee. ECF No. 18. On April 30, 2021, the Court dismissed Vidal's lawsuit with prejudice, finding Vidal's counsel had been "absent

without cause from this case for more than six months" and his conduct manifested "stubborn resistance to authority." ECF No. 19.

Eighteen months have passed, and Vidal now appears *pro se* to notify the Court he was not aware his case was dismissed because his attorney never informed him. ECF No. 22. He asks the Court to reopen the case. Though he does not cite a specific rule, the Court construes Vidal's motion pursuant to Federal Rule of Civil Procedure 60(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows a plaintiff to seek relief based "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b)(1) must be sought within one year after the entry of a judgment. *See* Fed. R. Civ. P. 60(c)(1). The one-year limitation does not apply, however, to Rule 60(b)(6), which allows relief from a final judgment for "any" reason that justifies relief. To obtain relief under 60(b)(6), a proponent "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A motion under Rule 60(b)(6) to reopen a case must be made within a "reasonable" time. Fed. R. Civ. P. 60(c)(1).

## ANALYSIS

In this case, Vidal's motion to reopen the case is untimely because he brings it nearly eighteen months after dismissal, and nearly two years after his attorney's most recent actions in the lawsuit. To the extent Vidal's motion can be read as a request for relief under Rule 60(b)(1), based on "mistake, inadvertence, surprise, or excusable neglect," such a request is untimely because motions pursuant to 60(b)(1) must be made within one year after the entry of a judgment. Fed. R. Civ. P. 60(c)(1). Vidal's motion is similarly untimely under Rule 60(b)(6) because he does not bring it within a "reasonable" time. *Id*. As the defendants note, the Fifth

Circuit has found that a plaintiff who does not hear from his attorney for almost two years can assume "his case is not being diligently prosecuted." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 (5th Cir. 2006). Courts are reluctant to dismiss a plaintiff's case for conduct attributable to counsel; however, it is well-established that "a party is bound by the acts of its attorney." *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962)). At some point, counsel's deficient performance "puts the plaintiff on notice that, unless a new lawyer is obtained, the very continuation of the lawsuit is threatened." *Id.* (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985)). Vidal had adequate notice, by his attorney's silence, that the continuation of his lawsuit was threatened. *See e.g., Kolodziej v. PCI Auctions, LLC*, Civil No. H-18-3671, 2020 WL 1166406, at *2 (S.D.Tex. Mar. 11, 2020) (holding Rule 60(b) motion to reopen based on attorney inaction, filed fourteen months after dismissal, was not within reasonable time).

Further, Vidal cannot meet Rule 60(b)(6)'s "extraordinary circumstances" requirement because he has not demonstrated his claims can survive the defendants' motion to dismiss. *Kolodziej*, 2020 WL 1166406, at *2 ("Plaintiffs still have not responded to Defendant's motion to dismiss or shown that their claims can survive the motion to dismiss. Such a showing would be necessary prior to the court's revival of this lawsuit."). In their motion, the defendants argue Vidal's lawsuit should be dismissed because he failed to allege essential elements of his civil rights claim, his defamation claim is time-barred by the statute of limitations, and the Precinct 4 Constable's office cannot be sued because it is a non-jural entity. *See* ECF No. 8 at 5–8. Vidal has not responded to the motion, nor does he explain how his lawsuit would overcome its challenge.

Indeed, reopening the case at this juncture would be unduly prejudicial to the defendants. When evaluating whether extraordinary circumstances are present, a court may consider a wide range of factors, including, "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017). Delay alone can result in prejudice if the statute of limitations has run: "[E]vidence deteriorates or disappears, memories fade, and witnesses die or move away." *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981). Vidal's claims accrued in October through December of 2018, over four years ago, and are now time-barred. The statute of limitations for Vidal's federal civil rights claim is two years and the statute of limitations for his Texas defamation claim is one year. Allowing Vidal's lawsuit to proceed at this juncture would unfairly subject the defendants to otherwise time-barred litigation.

Finally, the Court finds no basis for Vidal's allegation that the defendants conspired with his attorney to prevent him from litigating this case. To the contrary, the record contains evidence of the defendants' good faith efforts to communicate with Vidal's nonresponsive attorney. *See* ECF Nos. 11, 12.

## CONCLUSION

For the reasons discussed herein, the Court **DENIES** Vidal's Motion to Reopen. ECF No. 22. Vidal notes his attorney in this matter, R. Chris Pittard, was disbarred by the State Bar of Texas on November 17, 2021. The Judgment of Disbarment directed Pittard to notify his clients of his disbarment and return any files, papers, unearned monies, and other property belonging to them. If Vidal believes Pittard violated the order in this case, he should notify the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX, 78711-2487.

The Clerk of Court shall send a copy of this order to the parties at their addresses on file.

It is so ORDERED.
SIGNED this 13th day of January, 2023.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE